**Kenneth A. BURKE d/b/a Ranch Acres Liquors, et al., Plaintiffs,**

**v.**

**Clarence FORD and Frank J. Kunc, d/b/a All Brands Sales Company, et al., Defendants.**

**Civ. No. 5933.**

United States District Court
N. D. Oklahoma.

Oct. 1, 1965.

Crawford & Rizley, Tulsa, Okl., for plaintiffs.

Ungerman, Grabel, Ungerman & Leiter, Hudson, Wheaton & Brett, Tulsa, Okl., Berry & Berry, George Caporal, Johnston & Johnston, Jack Moore, Oklahoma City, Okl., John T. Gibson, Charles M. Christensen, Tulsa, Okl., Roy Grantham, Ponca City, Okl., Allan D. Sasser, Lawton, Okl., Tom Benedum, Norman, Okl., Lupardus, Holliman & Huffman and James L. Kincaid, Tulsa, Okl., West, Procter & Moore, Oklahoma City, Okl., Raynolds & Raynolds, Tulsa, Okl., for defendants.

BOHANON, District Judge.

*Preliminary Statement*

This action was instituted by plaintiffs as retail alcoholic beverage dealers seeking an injunction against the defendants, who were and are wholesale alcoholic beverage dealers. Injunctive relief was sought by plaintiffs because of an alleged agreement and conspiracy by the defendants to violate the Sherman Anti-Trust Act, 15 U.S.C. §§ 1–33. The cause came on for trial without a jury on April 5, 6, and 16, 1965, and upon oral argument on September 3, 1965. The parties plaintiffs and defendants appeared by their respective attorneys of record, and the Court, having heard the evidence, the argument of counsel, and having carefully considered the pleadings and briefs filed, and being fully advised, makes the following Findings of Fact and Conclusions of Law:

*Findings of Fact*

1. At the time of the trial of this action the defendants had ceased, for all practical purposes, territorial divisions or districts and divisions of brands of alcoholic beverages, and the Court so finds there was a division territories and division of brands.

2. At the time of the trial of this case, the alleged violations had ceased, and the matter of the issuance of an injunction therefor became moot. There were no acts or threatened acts to enjoin.

3. The plaintiffs at all times pertinent to this case were retail alcoholic beverage dealers, and the defendants were duly licensed Oklahoma wholesale alcoholic beverage dealers.

4. The alcoholic beverage industry in the State of Oklahoma is regulated by the Oklahoma Alcoholic Beverage Control Board, 37 O.S.1961, §§ 501–570.

5. Alcoholic beverages sold in the State of Oklahoma are purchased outside of the State by licensed Oklahoma wholesale alcoholic beverage dealers, including the defendants in this case, and are shipped into the State to such wholesale dealers.

6. All alcoholic beverages shipped into the State of Oklahoma to wholesale alcoholic beverage dealers are shipped to such dealers, and by Oklahoma law are required to be placed in licensed warehouses in Oklahoma by such wholesale dealers, and the interstate transportation of such beverages comes to rest in the warehouses of the respective wholesale dealers. These beverages remain in the warehouses for varying lengths and periods of time, depending upon the demand therefor, and are held, under the strict inventory provisions of the Oklahoma law, until such time as the particular brand or brands are ordered by the retail dealers.

7. After coming to rest in the warehouses of the defendants in this case, the beverages ceased to be in interstate commerce, and the transportation thereof thereafter became intrastate commerce.

8. The evidence in this case falls short of showing that the defendants during any of the time involved in this case had any unlawful understanding or conspiracy to divide territories serviced or the brands of alcoholic beverages carried in inventory. There is no showing of an intent on the part of the defendants to conspire to violate any law of the United States or of the State of Oklahoma. Their business conduct, as the evidence shows, with respect to territories and brands carried, constituted no more than good business practice and procedure, and were in accord with sound business principles.

9. The Court finds that there was no violation of the Sherman Anti-Trust Act, and the Court further finds that the defendants have not in any way or manner entered into any agreement or acted in any way to interfere with interstate commerce, and interstate commerce was not and has not been affected by any actions of the said defendants.

10. The evidence shows that the sales of alcoholic beverages continued to increase and grow in Oklahoma, and there

is no proof in this case that the defendants did anything to interfere with or affect interstate commerce, and the Court finds that any actions of the defendants did not in fact affect such commerce.

11. The Court finds that the alcoholic beverage industry in Oklahoma is strictly controlled by the Alcoholic Beverage Control Board and that there is no violation of the laws of the United States or any intention on the part of defendants to violate any such laws.

### Conclusions of Law

1. The Court holds that the plaintiffs have failed to prove an agreement or understanding or conspiracy of the defendants to violate, or in violation of the Sherman Anti-Trust Act, 15 U.S.C. §§ 1–33, or the laws of Oklahoma.

2. The Court holds that the plaintiffs have failed to prove any alleged agreement or conspiracy which affected interstate commerce as defined by the Sherman Act, supra.

3. The prayer for injunctive relief is moot.

4. The relief requested by plaintiffs should be denied, and judgment entered for the defendants.